UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

APRIL L. KNAPP, *as Administratix
of the Estate of* John L. Harless,

      Plaintiff,

v.                                  CIVIL ACTION NO.  5:21-cv-00502

AMERICAN HONDA MOTOR CO., INC.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is the Parties' Proposed Order for Alternative Service of Subpoenas upon Harvey and Brenda Surbaugh, filed April 28, 2022. [Doc. 51]. According to the Proposed Order, personal service has been attempted on the Surbaughs without success, and the parties agree that an alternative form of service should be allowed in this case.

*Federal Rule of Civil Procedure* 45(b)(1) governs. According to the Rule, "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . ." The Parties contend that notice by certified mail and by affixing a notice to the Surbaughs' door will satisfy the Rule; they cite multiple district court cases in this Circuit that have allowed alternative means of service.

The Court notes, however, a recent decision from our Court of Appeals addressing the matter:

> Some courts have ventured beyond that required by the Rules to permit service by any means that provides actual notice. Doing so, they have reasoned, conserves resources that would be wasted if compliance with the Rules was required. And we do not doubt that broader means of service would save resources—though perhaps imposing other costs. *But regardless of its wisdom, Rule 45 requires that the subpoena be served by "delivering a copy to the named person."* Actual notice with no delivery to the named person fails to satisfy the Rule's demands.

*In re Newbrook Shipping Corp.*, No. 20-2268, 2022 WL 1162408, at *7 (4th Cir. 2022) (internal citations omitted) (emphasis added). While the panel explicitly did not determine whether certified mail would satisfy the personal service requirement, it acknowledged the "predominant view appears to be that the delivery must be directly delivered by a process server personally." *Id.* at *7 n.9 ("Certified mail was not used here so we need not delve into whether delivery methods such as certified mail to a corporate agent would suffice."); *see also Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. 21-0328, 2022 WL 1203652, at *17 (D. Md. Apr. 21, 2022) (recognizing that the "use of the word 'delivering' in [this subsection of Rule 45] with reference to the person to be served has been construed literally"). In light of the text of Rule 45(b)(1), the observations found in *In re Newbrook*, and the predominant position of other courts, the Court **DENIES** the Parties' Proposed Order [**Doc. 51**]. Counsel are directed to redouble their efforts to obtain personal service.

The Clerk is directed to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER: May 2, 2022

Frank W. Volk
United States District Judge