UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

APRIL L. KNAPP, *as Administratix*
*of the Estate of* John L. Harless,

    Plaintiff,

v.                                                                        CIVIL ACTION NO.  5:21-cv-00502

AMERICAN HONDA MOTOR CO., INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 24, 2023, the Court ordered the parties to submit their views on the impact and materiality on the causes of action herein of our Court of Appeals' certified question in *Shears v. Ethicon, Inc.*, --- F.4th ---, No. 22-1399, 2023 WL 2780348 (4th Cir. Apr. 5, 2023) to the Supreme Court of Appeals of West Virginia.  The certified question reads as follows:

> Whether Section 411 of the *West Virginia Pattern Jury Instructions for Civil Cases*, entitled "Design Defect — Necessity of an Alternative, Feasible Design," correctly specifies the plaintiff's burden of proof for a strict liability design defect claim pursued under West Virginia law.
>
> More specifically, whether a plaintiff alleging a West Virginia strict liability design defect claim is required to prove the existence of an alternative, feasible product design — existing at the time of the subject product's manufacture — in order to establish that the product was not reasonably safe for its intended use. And if so, whether the alternative, feasible product design must eliminate the risk of the harm suffered by the plaintiff, or whether a reduction of that risk is sufficient.

*Id.* at *10.  The parties submitted their responses on May 1, 2023.  [ECF 146, 147].

I.

Plaintiff April L. Knapp avers the issues presented by the certified question are immaterial to her design defect claim inasmuch as the standard set forth in Section 411 of the *West Virginia Pattern Jury Instructions for Civil Cases* ("WVPJI") is an incorrect statement of the law. Ms. Knapp contends "while West Virginia product liability law may one day be modified to include portions of WVPJI § 411, there is simply no reason to delay the trial of this matter until that day." [ECF 146 at 3]. Rather, as the law currently stands, Ms. Knapp insists that her design defect claim is governed by the Supreme Court of Appeals of West Virginia's decision in *Morningstar v. Black & Decker Manufacturing Co.*, 162 W. Va. 857, 253 S.E.2d 666 (1979) and its progeny. She further posits this line of authority, as made evident by *Shears*, does not explicitly require a plaintiff to submit evidence of a feasible alternative design that would have eliminated the risk resulting in plaintiff's injuries in order to prevail. Inasmuch as briefing on the certified question[1] will not be completed before trial in this matter -- currently scheduled for July 11, 2023 -- Ms. Knapp avers the case may proceed under her interpretation of the law as it currently exists.

Conversely, Defendant American Honda Motor Co., Inc. ("AHM") contends the issues implicated by the certified question in *Shears* are central to the resolution of its dispositive motion on Ms. Knapp's design defect claim. Indeed, AHM maintains in its summary judgment and *Daubert* briefings that Ms. Knapp's expert witness, Dr. Marc Zupran, has failed to identify a feasible alternative design that would have eliminated (not merely reduced) the risk that injured John L. Harless. In support of this contention, AHM relies, *inter alia*, on the standard of proof articulated in § 411 of the WVPJI. Simply put, AHM asserts its position is dependent upon the

---

[1] Pursuant to the Supreme Court of Appeals of West Virginia's Amended Scheduling Order, briefing on the certified question will be complete on August 10, 2023. [*See* ECF 146-1 at 2].

2

Supreme Court of Appeals of West Virginia's response to the certified question in *Shears*: whether a plaintiff is required to prove an alternative design and, if so, whether it must eliminate the risk of injury. AHM thus requests the Court to postpone ruling on its pending motions and trial in this matter until resolution of the certified question. [*See* ECF 147 at 5]. The Court construes AHM's request as one for a stay.

## II.

A district court retains "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Summer Rain v. Donning Company Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992). Determining whether to stay a proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); s*ee also Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In striking this balance, the court considers the following factors: "(1): the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Financial Inc.*, 969 F. Supp.2d 451, 462 (S.D.W. Va. 2013) (internal quotations and citations omitted). A stay will ordinarily be appropriate when a controlling court "will issue a decision that may affect the outcome of the pending case." *Id.* at 461-62 (citing *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished table decision) (affirming a district court's stay order pending Supreme Court resolution of relevant issues)).

Ms. Knapp's standard and burden of proof on her design defect claim hinges on the Supreme Court of Appeals of West Virginia's answer to the certified question issued in *Shears*. Indeed, resolution of AHM's dispositive motion in this matter would require the Court to decide the precise issues presented by this question. To do so before the West Virginia Supreme Court

3

of Appeals issues its binding decision has the potential to waste both the parties' and judicial resources inasmuch as an incorrect determination would result in error at either the dispositive motion stage and/or after substantial resources are expended on a jury trial. As to the other two factors, denial of a stay has the possibility to force AHM to continue to litigate a potentially unmeritorious design defect claim, and no apparent prejudice to Ms. Knapp resulting from a brief stay is readily discernable. Briefing on the certified question in *Shears* is set to conclude on August 10, 2023, and it is likely that a decision will be rendered shortly thereafter. Ultimately, a stay of this matter will only benefit both parties in the long run and resolve issues central to the parties' dispute respecting Ms. Knapp's design defect claim.

### III.

Accordingly, the Court **STAYS** all proceedings herein pending the outcome of the Supreme Court of Appeals of West Virginia's decision in *Shears v. Ethicon* and **RETIRES** this matter to the inactive docket. The parties are **DIRECTED** to notify the Court forthwith of the decision and seek a stay lift. Additionally, AHM's (1) Motion for Summary Judgment [**ECF 127**]; (2) Motion to Exclude the Opinions of Steven Bryan [**ECF 129**]; and (3) Motion to Exclude the Opinions of Marc Zupan, PH.D. [**ECF 130**] are **DENIED WITHOUT PREJUDICE**, subject to refiling upon resolution of the certified question.[2]

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

ENTER: May 4, 2023

Frank W. Volk
United States District Judge

---

[2] Given the denial of these motions, Ms. Knapp's (1) Motions to Exceed Page Limit for Responses in Opposition [**ECF 133, 137, 138**], and (2) Motion to Replace Exhibit 11 to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [**ECF 139**] are **DENIED AS MOOT.**