UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

APRIL L. KNAPP, *as Administratix*
*of the Estate of* John L. Harless,

    Plaintiff,

v.                                            CIVIL ACTION NO. 5:21-cv-00502

AMERICAN HONDA MOTOR CO., INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant American Honda Motor Co., Inc's ("AHM") Motion to Seal [ECF 198], filed January 8, 2025.

**I.**

AHM requests the amount of the parties' settlement, Plaintiff's funeral expenses, and Plaintiff's costs and expenses set forth in Paragraphs 6, 16, 17, 18, and 19 in the pending Verified Petition and Motion to Settle Wrongful Death Claim Pursuant to W. Va. Code § 55-7-7 [ECF 197] be redacted from public view. AHM attaches its proposed redactions to its Motion [ECF 198-1] and notes Plaintiff "takes no position" respecting its request. [ECF 199 at 3]. AHM contends the proposed redactions are necessary "so as to protect the confidentiality of the settlement amount, as was a negotiated term of the proposed settlement." [*Id*.]. It further asserts any existing right to public access is outweighed "by the parties' interests in reaching a confidential settlement." [*Id.* at 4].

**II.**

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't. of State*

*Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

Regarding the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dep't. of State Police*, 386 F.3d at 575 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.* (*Stone I*), 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Id.* at 576 (quoting *Stone I*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

2

### III.

Upon review, the Court concludes the right of public access is outweighed by the parties' interests in reaching a confidential settlement, and AHM's redaction request is sufficiently tailored so as to provide an adequate record for review.

Accordingly, the Court **GRANTS** AHM's Motion [**ECF 198**] and **ORDERS** Plaintiff's Verified Petition and Motion to Settle Wrongful Death Claim Pursuant to W. Va. Code § 55-7-7 [**ECF 197**] be **PROVISIONALLY SEALED** pending further order of the Court. The Court further **ORDERS** the redacted copy of the Petition [**ECF 198-1**] be filed on the docket.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: January 29, 2025

Frank W. Volk
Chief United States District Judge